**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF OREGON

Case number *(if known)* _____     Chapter    **7**

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy       04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Yaquina Bay Beverage Company** |

| | | |
|---|---|---|
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | **DBA  Rogue Recreational Beverages** |

| | | |
|---|---|---|
| 3. | Debtor's federal Employer Identification Number (EIN) | **85-3868904** |

| | | |
|---|---|---|
| 4. | Debtor's address | **Principal place of business** |

**981 SE 8th Ave.**
**Portland, OR 97214**
Number, Street, City, State & ZIP Code

**Multnomah**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

| | | |
|---|---|---|
| 5. | Debtor's website (URL) | |

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor  **Yaquina Bay Beverage Company**     Case number (*if known*) _____
         Name

**7.  Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

☑ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☑ No.
☐ Yes.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☑ Yes.

Debtor    **Yaquina Bay Beverage Company**                              Case number (*if known*) _____
          _____
          Name

List all cases. If more than 1,
attach a separate list

| Debtor District | **See Attachment** | Relationship |
| --- | --- | --- |
| | When _____ | Case number, if known _____ |

**11. Why is the case filed in *this district?***    *Check all that apply:*

 ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____
Contact name _____
Phone _____

■■■■ **Statistical and administrative information**

**13. Debtor's estimation of available funds** .    *Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
| --- | --- | --- |
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
| --- | --- | --- |
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ■ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
| --- | --- | --- |
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ■ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **Yaquina Bay Beverage Company** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **November 24, 2025**
MM / DD / YYYY

**X** **/s/ Steven Garrett**                                      **Steven Garrett**
Signature of authorized representative of debtor          Printed name

Title    **President**

**18. Signature of attorney**

**X** **/s/ Daniel R. Kubitz**                              Date **November 24, 2025**
Signature of attorney for debtor                              MM / DD / YYYY

**Daniel R. Kubitz**
Printed name

**Schwabe, Williamson & Wyatt, P.C.**
Firm name

**1211 SW 5th Ave., Suite 1900**
**Portland, OR 97204**
Number, Street, City, State & ZIP Code

Contact phone    **503.222.9981**        Email address    **dkubitz@schwabe.com**

**181381 OR**
Bar number and State

Debtor    **Yaquina Bay Beverage Company**                                    Case number (*if known*) _____
Name

| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

DISTRICT OF OREGON

Case number (*if known*) _____    Chapter    **7**

☐ Check if this is an
amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

Debtor    **Oregon Brewing Company**                    Relationship to you    **Parent company; 100% owner**
District    **Oregon**                When    **11/24/25**    Case number, if known    _____

Debtor    **Rogue River Brewing Company**                    Relationship to you    **Shared parent & 100% owner**
District    **Oregon**                When    **11/24/25**    Case number, if known    _____

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of Oregon

In re  **Yaquina Bay Beverage Company**                                    Case No. _____

Debtor(s)                                     Chapter  **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **31,191.80** |
| Prior to the filing of this statement I have received | $ | **31,191.80** |
| Balance Due | $ | **0.00** |

2.  The source of the compensation paid to me was:

   ■ Debtor     ☐ Other (specify):

3.  The source of compensation to be paid to me is:

   ■ Debtor     ☐ Other (specify):

4.  ■  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d.  [Other provisions as needed]
      **SEE ATTACHED EXHIBIT A - DETAILED FEE DISCLOSURE**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**November 24, 2025**                              **/s/ Daniel R. Kubitz**

*Date*                                          **Daniel R. Kubitz**
                                              *Signature of Attorney*
                                              **Schwabe, Williamson & Wyatt, P.C.**
                                              **1211 SW 5th Ave., Suite 1900**
                                              **Portland, OR 97204**
                                              **503.222.9981  Fax: 503.796.2900**
                                              **dkubitz@schwabe.com**
                                              *Name of law firm*

---

## IN RE YAQUINA BAY BEVERAGE COMPANY

## EXHIBIT A TO FORM 2030: NARRATIVE EXPLANATION OF COMPENSATION

1.  Joint Administration & Allocation of Deposit. Schwabe, Williamson & Wyatt, P.C. ("Counsel") has been retained to represent this Debtor and its affiliates, Oregon Brewing Company and Yaquina Bay Beverage Company, in concurrently filed chapter 7 cases. The cases are intended to be jointly administered.

    a.  Total Deposit Received: Counsel received Advance Fee Deposits ("AFDs") totaling $155,959 to represent all three entities.

    b.  Allocation to This Debtor: The amount disclosed in Line 1 of this form ($31,191.80) represents the portion of the total deposit (20%) allocated to this specific Debtor based on complexity, asset volume, and other factors.

    c.  No Duplication: The remaining portion of the Total Deposit has been allocated to and disclosed in the bankruptcy cases of the affiliated debtors.

2.  Nature of Engagement. This engagement has been on an hourly basis rather than a flat fee arrangement. The funds described above constitute an AFD against which fees were drawn as incurred. In addition to the legal services specified in Line 5, Counsel also provided the following legal services in connection with the bankruptcy filing: advise client as to controlled cessation of operations to preserve value for creditors, including advising board of directors regarding fiduciary obligations, management of creditor notices and communications, and conducting WARN Act analysis for determination of notice procedures to employees; advise client regarding interest and offers received from potential investors, including conducting meetings with interested prospective buyers and investors and review proposed Letters of Intent and diligence checklists; and advise client as to interaction of bankruptcy and federal statutes regulating cannabinoids.

3.  Pre-Petition Drawdown (Earned Fees). Prior to the Petition Date, Counsel incurred fees totaling $135,323.00 for all three entities. $31,191.80 represents the portion of these fees (20%) allocated to this specific Debtor. On November 24, 2025, before the filing of the petition, Counsel drew these earned funds from the Client Trust Account and applied them to the pre-petition invoice.

4.  Remaining Trust Balance. As of the Petition Date, the remaining unearned balance of the allocated deposit is $4,127.20. Counsel acknowledges that these funds are held in the Client Trust Account and constitute "Property of the Estate" under 11 U.S.C. § 541. Counsel holds these funds subject to the instruction of the Chapter 7 Trustee.

**Fill in this information to identify the case:**

Debtor name    **Yaquina Bay Beverage Company**

United States Bankruptcy Court for the:    DISTRICT OF OREGON

Case number (if known)    _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

■    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

■    *Schedule H: Codebtors* (Official Form 206H)

■    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    Amended *Schedule* _____

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐    Other document that requires a declaration    _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **November 24, 2025**         X **/s/ Steven Garrett**
                                                    Signature of individual signing on behalf of debtor

                                                    **Steven Garrett**
                                                    Printed name

                                                    **President**
                                                    Position or relationship to debtor

| Fill in this information to identify the case: |
| --- |

Debtor name    **Yaquina Bay Beverage Company**

United States Bankruptcy Court for the:    DISTRICT OF OREGON

Case number (if known)  _____

☐ Check if this is an
   amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

---

**Part 1:    Summary of Assets**

1.    ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B*.................................................................................    $ _____0.00

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*...............................................................................    $ _____526,424.73

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*.................................................................................    $ _____526,424.73

---

**Part 2:    Summary of Liabilities**

2.    ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................    $ _____0.00

3.    ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*..........................................................    $ _____0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*..............................    +$ _____533,092.43

4.    **Total liabilities** ......................................................................................................
    Lines 2 + 3a + 3b    $ _____533,092.43

---

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re: | Chapter 7 |
| Yaquina Bay Beverage Company, | Case No. |
| Debtor. | |

GLOBAL NOTES AND STATEMENT OF LIMITATIONS,

METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S

SCHEDULES AND STATEMENTS

The Schedules of Assets and Liabilities (collectively with attachments, the "Schedules") and the Statements of Financial Affairs (collectively with attachments, the "Statements," and together with the Schedules, the "Schedules and Statements") filed by Oregon Brewing Company (the "Debtor"), were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by the Debtor's management, with the assistance of the Debtor's advisors, and are unaudited.

These Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding the Debtor's Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements and should be referred to and considered in connection with any review of the Schedules and Statements.

The Schedules and Statements have been signed by Steven Garrett, the President of the Debtor as of the date of the filing of the voluntary bankruptcy petition in this case (the "Petition Date"). Accordingly, in reviewing and signing the Schedules and Statements, Mr. Garrett necessarily relied upon the efforts, statements, and representations of the Debtor's other personnel and advisors. Mr. Garrett has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

*General Reservation of Rights.* Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements based on information that was available at the time of preparation; however, inadvertent errors, inaccuracies, or omissions may exist, and the Debtor's management may discover subsequent information that requires material changes to the Schedules and Statements. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete.

Specific Disclosures with Respect to the Debtor's Schedules and Statements

*Schedule A/B.* To the best of the Debtor's knowledge, the asset information provided herein, except as noted otherwise, represents the asset data of the Debtor as of the Petition Date. Amounts ultimately realized may vary from net book value, or whatever value was ascribed, and such variance may be material. Inventory is reported at cost basis as of July 2025, the most recent full reconciliation of Debtor's inventory.

The scheduled accounts receivable consist of intercompany receivables and non-intercompany receivables. The intercompany receivables have been characterized as "Uncollectible or Doubtful" due to the insolvent nature of Debtor and its affiliates.

The scheduled finished assets consist of bottled and labeled non-alcoholic seltzer containing federally compliant hemp-derived cannabinoids (Farm Bill compliant <0.3% Delta-9 THC) (NBV from July 2025). Possession is compliant with federal Controlled Substances Act (21 U.S.C. § 801 et. seq.) and applicable state law. The FDA currently interprets the FD&C Act, as amended by DSHEA, to exclude CBD and THC from being a dietary supplement or food additive under the "drug preclusion clause." Consequently, the FDA asserts that products of this nature are "adulterated." Due to this regulatory position, sale of this inventory by a bankruptcy trustee could risk violation of federal regulations.

*Schedule E/F.* The claims of individual creditors for, among other things, goods, products, or services are listed as amounts entered on the Debtor's books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtor. Reasonable best efforts have been used to list all general unsecured claims against the Debtor on Schedule E/F based upon the Debtor's existing books and records as of the date of the Order for Relief. The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, Schedule E/F does not list a date for each listed claim.

*Schedule G.* Although diligent attempts have been made to properly identify the counterparty(ies) to each executory contract and unexpired lease of the Debtor on Schedule G, it is possible that more executory contracts exist than are listed on Schedule G. The Debtor reserves all rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. While the Debtor made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

Fill in this information to identify the case:

Debtor name     **Yaquina Bay Beverage Company**

United States Bankruptcy Court for the:    DISTRICT OF OREGON

Case number (if known)  _____

☐ Check if this is an
amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:      Cash and cash equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3.    **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1.   **Columbia Bank** | **Checking Account** | **2399** | **$379,009.47** |

4.    **Other cash equivalents** *(Identify all)*

5.    **Total of Part 1.**                                                                             **$379,009.47**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

### Part 2:      Deposits and Prepayments

**6. Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.
☐ Yes Fill in the information below.

### Part 3:      Accounts receivable

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
■ Yes Fill in the information below.

11.    **Accounts receivable**

| 11a. 90 days old or less: | 101,104.95 | - | 23,782.85 | = .... | **$77,322.10** |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

Debtor    **Yaquina Bay Beverage Company**                    Case number *(If known)* _____
          Name

| | | | |
|---|---|---|---|
| 11b. Over 90 days old: | **538,733.00** - | **468,639.84** =.... | **$70,093.16** |
| | face amount | doubtful or uncollectible accounts | |

---

**12.    Total of Part 3.**

Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

**$147,415.26**

**Part 4:    Investments**

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

**Part 5:    Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No.  Go to Part 6.
■ Yes Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19.    **Raw materials** | | | | |
| 20.    **Work in progress** | | | | |
| 21.    **Finished goods, including goods held for resale** Bottled and labeled non-alcoholic seltzer containing federally compliant hemp-derived cannabinoids (Farm Bill compliant <0.3% Delta-9 THC). Possession is compliant with federal Controlled Substances Act (21 U.S.C. § 801 et. seq.) and applicable state law. The FDA currently interprets the FD&C Act, as amended by DSHEA, to exclude CBD and THC from being a dietary supplement or food additive under the "drug preclusion clause." Consequently, the FDA asserts that products of this nature are "adulterated." Due to this regulatory position, sale of this inventory by a bankruptcy trustee could risk violation of federal regulations. (NBV from July 2025) | | **$127,366.19** | **Cost basis** | **Unknown** |

---

Debtor   **Yaquina Bay Beverage Company**                     Case number *(If known)* _____
_____
Name

22.     **Other inventory or supplies**

23.     **Total of Part 5.**                                                        ┌─────────────────────┐
                                                                          │              **$0.00** │
        Add lines 19 through 22.  Copy the total to line 84.              └─────────────────────┘

24.     **Is any of the property listed in Part 5 perishable?**
        ■ No
        ☐ Yes

25.     **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
        ■ No
        ☐ Yes. Book value _____ Valuation method _____ Current Value _____

26.     **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
        ■ No
        ☐ Yes

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

        ■ No.  Go to Part 7.
        ☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

        ■ No.  Go to Part 8.
        ☐ Yes Fill in the information below.

| Part 8: | Machinery, equipment, and vehicles |

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

        ■ No.  Go to Part 9.
        ☐ Yes Fill in the information below.

| Part 9: | Real property |

54. **Does the debtor own or lease any real property?**

        ■ No.  Go to Part 10.
        ☐ Yes Fill in the information below.

| Part 10: | Intangibles and intellectual property |

59. **Does the debtor have any interests in intangibles or intellectual property?**

        ■ No.  Go to Part 11.
        ☐ Yes Fill in the information below.

| Part 11: | All other assets |

70. **Does the debtor own any other assets that have not yet been reported on this form?**
        Include all interests in executory contracts and unexpired leases not previously reported on this form.

        ■ No.  Go to Part 12.
        ☐ Yes Fill in the information below.

Debtor  **Yaquina Bay Beverage Company**                          Case number *(if known)* _____
Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $379,009.47 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $147,415.26 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*......................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $526,424.73 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $526,424.73 |

**Fill in this information to identify the case:**

Debtor name __**Yaquina Bay Beverage Company**__

United States Bankruptcy Court for the: __DISTRICT OF OREGON__

Case number (if known) _____

☐ Check if this is an
   amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property            **12/15**

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☒ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Fill in this information to identify the case:**

Debtor name   **Yaquina Bay Beverage Company**

United States Bankruptcy Court for the:   DISTRICT OF OREGON

Case number (if known)   _____

☐ Check if this is an
  amended filing

## Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims
**12/15**

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ■ No. Go to Part 2.

   ☐ Yes. Go to line 2.

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
| --- | --- |

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
   out and attach the Additional Page of Part 2.

|  |  | **Amount of claim** |
| --- | --- | --- |

| 3.1 | **Nonpriority creditor's name and mailing address**<br>**Bristol Farms \| Lazy Acres**<br>**915 E. 230th St**<br>**Carson, CA 90745**<br><br>Date(s) debt was incurred _<br><br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Trade debt**<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$700.00** |
| 3.2 | **Nonpriority creditor's name and mailing address**<br>**Lipman Brothers, LLC**<br>**2815 Brick Church Pike**<br>**Nashville, TN 37207**<br><br>Date(s) debt was incurred _<br><br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Trade debt**<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$106.66** |
| 3.3 | **Nonpriority creditor's name and mailing address**<br>**Oregon Brewing Company**<br>**981 SE 8th Ave.**<br>**Portland, OR 97214**<br><br>Date(s) debt was incurred _<br><br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Intercompany Payable**<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$526,937.57** |
| 3.4 | **Nonpriority creditor's name and mailing address**<br>**Schultz Group CPAs**<br>**9700 S.W. Capitol Highway**<br>**Portland, OR 97219-5292**<br><br>Date(s) debt was incurred _<br><br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Services**<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$2,523.77** |

Debtor **Yaquina Bay Beverage Company**
_____
Name

Case number (if known) _____

| | |
|---|---|
| 3.5 | Nonpriority creditor's name and mailing address | **$2,824.43** |

As of the petition filing date, the claim is: Check all that apply.

**Scout Distribution**
**10119 Carroll Canyon Rd**
**San Diego, CA 92131**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: <u>Trade debt</u>

Is the claim subject to offset? ■ No ☐ Yes

---

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. $ | **0.00** |
| **5b. Total claims from Part 2** | 5b. + $ | **533,092.43** |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. $ | **533,092.43** |

<table>
<tr><td colspan="2" style="background:black;color:white">**Fill in this information to identify the case:**</td></tr>
<tr><td>Debtor name</td><td>**Yaquina Bay Beverage Company**</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>DISTRICT OF OREGON</td></tr>
<tr><td>Case number (if known)</td><td></td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                                  12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
    ☒ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|
| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | **Distributor Agreement dated March 25, 2025 (New Jersey)** | |
| | State the term remaining | | **Black River Traders, Inc.** |
| | List the contract number of any government contract | | **25 Ironia Rd.** **Flanders, NJ 07836** |
| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | **Agreement dated January 14, 2022 (Colorado)** | |
| | State the term remaining | **through January 14, 2027** | **Breakthru Beverage Colorado, LLC** **3980 Central Park Blvd** |
| | List the contract number of any government contract | | **Attn: Jeremy Tostrup, EVP** **Denver, CO 80238** |
| 2.3. | State what the contract or lease is for and the nature of the debtor's interest | **Distributorship Agreement dated March 31, 2022 (California)** | |
| | State the term remaining | | **Classic Beverage of Southern California** **c/o John Morales** **120 Puente Avenue** |
| | List the contract number of any government contract | | **Attn: Carlos J. Sanchez** **La Puente, CA 91746** |
| 2.4. | State what the contract or lease is for and the nature of the debtor's interest | **Distributor Agreement daged December 23, 2020 (Washington)** | |
| | State the term remaining | | **CoHo Distributing, LLC** |
| | List the contract number of any government contract | | **27200 SW Parkway Ave** **Wilsonville, OR 97070** |

Debtor 1   **Yaquina Bay Beverage Company**                                   Case number *(if known)* _____
          First Name        Middle Name        Last Name

<span style="background:#3a0a3a;">    </span>  **Additional Page if You Have More Contracts or Leases**

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

| 2.5. | State what the contract or lease is for and the nature of the debtor's interest | **Agreement dated June 13, 2025 (New Jersey)** | |
|---|---|---|---|
| | State the term remaining | | **Cold Spring Sales Inc.**<br>**25 Ironia Road**<br>**attn: President**<br>**Flanders, NJ 07836** |
| | List the contract number of any government contract | | |

| 2.6. | State what the contract or lease is for and the nature of the debtor's interest | **Distributor Appointment Letter dated May 27, 2025 (Minnesota)** | |
|---|---|---|---|
| | State the term remaining | | **Distributor Appointment Letter**<br>**2222 32nd Ave NW**<br>**Rochester, MN 55901** |
| | List the contract number of any government contract | | |

| 2.7. | State what the contract or lease is for and the nature of the debtor's interest | **Distribution Agreement dated May 15, 2025 (Tennessee)** | |
|---|---|---|---|
| | State the term remaining | | **Lipman Brothers, Inc.**<br>**2815 Brick Church Pike**<br>**Attn: Clark Calvert**<br>**Nashville, TN 37207** |
| | List the contract number of any government contract | | |

**Fill in this information to identify the case:**

Debtor name    **Yaquina Bay Beverage Company**

United States Bankruptcy Court for the:    DISTRICT OF OREGON

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor**  *Column 2:* **Creditor**

| | Name | Mailing Address | | Name | Check all schedules that apply: |
|---|---|---|---|---|---|
| 2.1 | _____ | | | _____ | ☐ D |
| | | Street | | | ☐ E/F |
| | | _____ | | | ☐ G |
| | | City        State        Zip Code | | | |
| 2.2 | _____ | | | _____ | ☐ D |
| | | Street | | | ☐ E/F |
| | | _____ | | | ☐ G |
| | | City        State        Zip Code | | | |
| 2.3 | _____ | | | _____ | ☐ D |
| | | Street | | | ☐ E/F |
| | | _____ | | | ☐ G |
| | | City        State        Zip Code | | | |
| 2.4 | _____ | | | _____ | ☐ D |
| | | Street | | | ☐ E/F |
| | | _____ | | | ☐ G |
| | | City        State        Zip Code | | | |

**Fill in this information to identify the case:**

Debtor name  **Yaquina Bay Beverage Company**

United States Bankruptcy Court for the:  DISTRICT OF OREGON

Case number (if known)

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy     04/25

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:   Income**

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** From  **1/01/2025** to **Filing Date** | ■ Operating a business<br>☐ Other | **$1,467,814.29** |
| **For prior year:** From  **1/01/2024** to **12/31/2024** | ■ Operating a business<br>☐ Other | **$1,474,231.00** |
| **For year before that:** From  **1/01/2023** to **12/31/2023** | ■ Operating a business<br>☐ Other | **$1,499,578.05** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☐ None.

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** From  **1/01/2025** to **Filing Date** | **Non-business revenue** | **$543.95** |

**Part 2:   List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

| Debtor | Yaquina Bay Beverage Company | | Case number *(if known)* | |

■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. **Oregon Brewing Company 981 SE 8th Ave. Portland, OR 97214 Sole owner** | **Various** | **$1,034,000.00** | **Intercompany payables** |

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case**.**

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:    Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

Debtor **Yaquina Bay Beverage Company**

Case number *(if known)*

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

## Part 5:    Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | | |

## Part 6:    Certain Payments or Transfers

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Schwabe, Williamson & Wyatt, PC**<br>**1211 SW 5th Ave, Suite 1900**<br>**Portland, OR 97204** | **Advance Fee Deposits (allocated portion)—$27,064.60 earned prepetition; $4,127.20 held in trust** | **11/3/2025 ($8,489.75); 11/6/2025 ($10,000); 11/12/2025 ($500); 11/14/2025 ($10,000); 11/20/2025 ($10,000)** | **$31,191.80** |
| | Email or website address<br>**schwabe.com** | | | |
| | Who made the payment, if not debtor? | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
    List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

| Debtor | Yaquina Bay Beverage Company | Case number *(if known)* |
|---|---|---|

---

**Part 7:**  **Previous Locations**

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

---

**Part 8:**  **Health Care Bankruptcies**

15. **Health Care bankruptcies**
    Is the debtor primarily engaged in offering services and facilities for:
    - diagnosing or treating injury, deformity, or disease, or
    - providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

---

**Part 9:**  **Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

---

**Part 10:**  **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

| Debtor | **Yaquina Bay Beverage Company** | | Case number *(if known)* | |
|---|---|---|---|---|

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

---

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

---

**Part 12:    Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.  **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23.  **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24.  **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

---

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

| Debtor | Yaquina Bay Beverage Company | Case number *(if known)* | |
|---|---|---|---|

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| | Name and address | Date of service<br>From-To |
|---|---|---|
| 26a.1. | Brian Benavidez<br>2727 SW Patton Ct<br>Portland, OR 97201 | CFO - 03/15/2021 to<br>03/14/2025 |
| 26a.2. | Tyee Carr, LLC<br>PO Box 19572<br>Portland, OR 97280 | CFO - 03/15/2025 to<br>present |
| 26a.3. | Kira Rice<br>c/o Tyee Carr, LLC<br>PO Box 19572<br>Portland, OR 97280 | VP of Finance -<br>03/15/2025 to<br>present |
| 26a.4. | Marian Calvert<br>3016 Hazel Ave<br>Hood River, OR 97031 | Director of Finance<br>& Accounting -<br>05/01/2023 to<br>present |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| | Name and address | If any books of account and records are<br>unavailable, explain why |
|---|---|---|
| 26c.1. | Tyee Carr, LLC<br>PO Box 19572<br>Portland, OR 97280 | |
| 26c.2. | Tyee Carr<br>Tyee Carr, LLC<br>PO Box 19572<br>Portland, OR 97280 | |
| 26c.3. | Kira Rice<br>c/o Tyee Carr, LLC<br>PO Box 19572<br>Portland, OR 97280 | |
| 26c.4. | Marian Calvert<br>3016 Hazel Ave<br>Hood River, OR 97031 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|

Debtor    **Yaquina Bay Beverage Company**                          Case number *(if known)*

| Name and address |
|---|
| 26d.1. **Columbia Bank**<br>**PO Box 2310**<br>**Spokane, WA 99210** |
| 26d.2. **Northrim Bank**<br>**PO Box 241241**<br>**Anchorage, AK 99524** |
| 26d.3. **Ackley Brands, Ltd.**<br>**600 University Street, Suite 902**<br>**Seattle, WA 98101** |
| 26d.4. **Ninkasi Holding Company**<br>**155 Blair Boulevard**<br>**Eugene, OR 97402** |
| 26d.5. **East Fork Group Inc.**<br>**2616 NE SANDY BLVD**<br>**Portland, OR 97232** |
| 26d.6. **American Beverage Crafts, LLC**<br>**195 OTTLEY DR NE**<br>**Atlanta, GA 30324** |

27. **Inventories**
    Have any inventories of the debtor's property been taken within 2 years before filing this case?

    ■ No
    ☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Steven Garrett | PO Box 94<br>West Linn, OR 97068 | Director; Officer (President) | 0% |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Daniel Woodell | 1075 Sherren St W<br>Saint Paul, MN 55113 | Officer (Secretary) | 0% |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

    ☐ No
    ■ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Brian Benavidez | 2727 SW Patton Ct<br>Portland, OR 97201 | Officer (CFO) | 03/15/2021 to 03/14/2025 |

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

| Debtor | Yaquina Bay Beverage Company | | Case number *(if known)* | |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **Tyee Carr** | **c/o Tyee Carr, LLC<br>PO Box 19572<br>Portland, OR 97280** | **Officer (CFO and Secretary)** | **03/15/2025 to 11/21/2025** |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

**Part 14:** **Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **November 24, 2025**

**/s/ Steven Garrett**                                                    **Steven Garrett**
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor    **President**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes

**United States Bankruptcy Court**
**District of Oregon**

In re　**Yaquina Bay Beverage Company**　　　　　　　　　　　Case No. _____

　　　　　　　　　　　　　　　　　　Debtor(s)　　Chapter　**7**　_____

# VERIFICATION OF CREDITOR MATRIX

I, the President of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:　**November 24, 2025**　　　　　　　**/s/ Steven Garrett**
　　　　　　　　　　　　　　　　　　**Steven Garrett**/**President**
　　　　　　　　　　　　　　　　　　Signer/Title

# United States Bankruptcy Court
### District of Oregon

In re   **Yaquina Bay Beverage Company** _____

                                                Debtor(s)

Case No. _____

Chapter   **7** _____

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Yaquina Bay Beverage Company**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Oregon Brewing Company**
**981 SE 8th Ave.**
**Portland, OR 97214**

☐ None [*Check if applicable*]

November 24, 2025 _____

Date

**/s/ Daniel R. Kubitz** _____

**Daniel R. Kubitz**

Signature of Attorney or Litigant

Counsel for   **Yaquina Bay Beverage Company** _____

**Schwabe, Williamson & Wyatt, P.C.**
**1211 SW 5th Ave., Suite 1900**
**Portland, OR 97204**
**503.222.9981 Fax:503.796.2900**
**dkubitz@schwabe.com**